NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 12, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2743

|  |  |
|---|---|
| LAURA A. JENNINGS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana. |
| *v.* | No. 1:11-cv-1455-WTL-DML |
| CHUCK HAGEL, Secretary of Defense, *Defendant-Appellee*. | William T. Lawrence, *Judge.* |

**O R D E R**

Laura Jennings appeals the grant of summary judgment for her former employer in this employment-discrimination suit consolidating four cases. We affirm.

Jennings sued Department of Defense Secretary Chuck Hagel in four separate complaints in November 2011 after being fired from her term position working as a contact representative at the DOD's Military Pay Contact Center in Indianapolis. In these complaints she alleged among other things retaliation, hostile work environment,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

failure to promote, and discrimination based on race, sex, and disability. In March 2012 the district court consolidated the complaints into a single suit.

What followed is somewhat confusing. Over the next several months, the proceedings became protracted, as Jennings failed to appear at scheduling hearings and depositions, and at one point sought to stay all proceedings indefinitely. On October 29, 2012, the Secretary moved for summary judgment. Three days later Jennings filed an appeal, which we dismissed the following month for lack of jurisdiction; we explained that the appeal was premature because the district court had yet to rule on the Secretary's motion for summary judgment. In March 2013 Jennings petitioned the Supreme Court for a writ of certiorari. The Court denied that petition the following month and in May she sought rehearing of that denial. All the while Jennings never responded to the Secretary's motion for summary judgment, which the district court granted on June 17, 2013; that same day the Supreme Court denied her petition for rehearing.

On appeal Jennings seems to argue that the district court should not have ruled on the summary-judgment motion while her "cause was before the U.S. Supreme Court." But the district court's jurisdiction over the case was not affected by Jennings's petition for rehearing before the Supreme Court (filed May 16, 2013). Her petition for rehearing had no effect on the finality of the denial of certiorari (issued April 29, 2013); the denial of certiorari is effective when issued. *Robinson v. United States*, 416 F.3d 645, 648 (7th Cir. 2005); *Horton v. United States*, 244 F.3d 546, 550–51 (7th Cir. 2001). And an order denying certiorari is not suspended pending a petition for rehearing unless the Court or a Justice so orders, SUP. CT. R. 16.3, and no such order was forthcoming. Jennings's Supreme Court filings therefore did not prevent the district court from entering judgment against her.

Jennings also asserts that unspecified facts in dispute warrant a trial, but this general assertion of error is not sufficient to challenge an adverse ruling. *See* FED. R. APP. P. 28(a)(8)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.